## LOMBARD *vs.* BRACKETT.

In trespass to the plaintiff's close containing 28¾ acres, the defendant pleaded soil and freehold generally, on which issue was joined. Both parties claimed under the same grantor — the deed to the plaintiff being first executed, but the deed to the latter, *first recorded.* The plaintiff had enclosed three acres with a fence and occupied it prior to the conveyance to the defendant, but had no actual possession of the remainder of the lot, nor had the defendant notice of the prior conveyance. The jury having returned a general verdict for the plaintiff, the title to the *whole lot,* (should judgment have been rendered on the verdict,) would be confirmed to the plaintiff when he had no legal title to but *three acres.* The Court thereupon set aside the verdict, to give the parties an opportunity to make the pleadings conformable to the truth and justice of the case.

THIS case, which was trespass *quare clausum fregit,* is sufficiently stated in the opinion of the Court.

*Longfellow* and *Deblois,* for the defendant.

*Mellen,* for the plaintiff, cited the following authorities : *Gould's Pl.* 354 ; *Proprietors of Ken. Pur.* v. *Laboree,* 2 *Greenl.* 275 ; *Little* v. *Megquier,* 2 *Greenl.* 176 ; 5 *Com. Dig. Pleader, E.* 36 ; 1 *Saund.* 28 ; 1 *Chit. Pl.* 523 ; *Rideout* v. *Brough, Cowp.* 133 ; *Perkins* v. *Burbank,* 2 *Mass.* 81 ; *Phillips* v. *Byron,* 1 *Strange,* 509 ; *Smith* v. *Bouker,* 2 *Strange,* 994 ; *Gow on Part.* 182 ; 2 *Wm. Black.* 947 ; 6 *Taunt.* 587 ; 5 *Bac. Abr. Verdict, O.* ; 1 *Saund.* 300, *n.* 5 ; *Cro. Eliz.* 133.

PARRIS J. delivered the opinion of the Court.

The plaintiff declared on a trespass, *qu. cl.* committed in his close containing 28¾ acres, which he particularly describes by metes and bounds. The defendant pleaded soil and freehold to the close generally, and issue having been joined on that plea, the evidence was submitted to the jury. The plaintiff claimed the close by his elder deed from *John Lombard, Jr.* and the defendant claimed it by a deed from the same *John Lombard, Jr.* subsequent in date but first recorded. To avoid the effect of the defendant's deed, the plaintiff contended and attempted to prove, that the second conveyance was taken with a knowledge that the premises had been previously conveyed to him, and that the defendant was so chargeable with notice that he could hold only in subordination to the plaintiff's title. This position the plaintiff failed to maintain. If he had succeeded in his proof of notice, so

as to avoid the force of the defendant's deed, the verdict would be right, and cover no more than the facts in the case would require. Having failed in this attempt, the plaintiff contended and proved that he was in the actual and exclusive possession and occupancy of a three acre piece, parcel of the 28¾ acre tract, claiming it as his own under his deed, having it inclosed with fence, when the second deed under which the defendant claims was executed, and that on this three acre piece the acts were committed by the defendant, which are complained of as a trespass in this case. It also appeared that the residue of the 28¾ acres were not improved or inclosed by the plaintiff, and that he was not so in possession thereof as to give the second purchaser notice of his claim, or put him on inquiry.

From these facts, it results, that the three acre tract did not pass by the subsequent deed, inasmuch as it was then held by the plaintiff under his prior deed, and *John Lombard, Jun.* was not seized thereof at the time of making his second conveyance. But the residue of the tract, not being held adversely by the plaintiff, passed by the second conveyance, and the defendant is the legal owner thereof.

As the pleadings now stand, the effect of a judgment on the verdict would be to confirm the whole tract to the plaintiff when he has no legal claim beyond his inclosure comprising the three acres. This would be unjust, and we must relieve the defendant from such consequences. The difficulty results from the manner of pleading, and that has grown out of a misapprehension of the facts, the plaintiff supposing that he could avoid the second deed by proof of notice, whereby his title to the whole close would be established; and the defendant relying upon his ignorance of the plaintiff's deed, or actual possession of any part of the close described in the declaration, in which case the defendant's deed would operate a conveyance of the whole. Who is chargeable with the error it is unnecessary to decide, as we now have the power of preventing the mischief which might result therefrom.

We shall, therefore, set aside the verdict, that the pleadings may be amended, unless the plaintiff will consent so to amend his declaration as to include the three acre tract only, which being done, the verdict will conform to the justice of the case, and udgment may be rendered thereon.